McCauley, J.
If the tax levied by the auditor was not authorized by section 4925 of the statutes, it is not necessary to consider the alleged formal defects in the proceeding in which it was levied, such as the failure of two thirds of the resident freehold taxpayers to sign the petition, or that the signers were not bond fide freehold taxpayers, and other defects and acts of bad faith that are alleged as a ground for the relief demanded. If such defects in the proceeding existed, they would only furnish another reason why the tax was invalid.
*112 Section 4925 provides: “When two thirds of the resident freehold taxpayers living on the line of any state road, county road, or turnpike road, file a petition with the auditor of any county for an-extra tax for the purpose of constructing, improving or repairing such road, he shall levy such tax, of any amount that may be required not exceeding six mills on the dollar valuation, in any year, on all the lands and taxable property for any distance on each side of such road not exceeding one mile, and in no case more than half the distance from such road to any other state, county or free turnpike road running parallel or nearly parallel thereto.”
This section does not in terms provide that it shall be applicable to any part of a road; but that the tax shall be levied for the purpose of constructing, improving or repairing such road. The section is part of a chapter of the statute relating to roads in various ways. Section 4908 provides that a road, or any part thereof may be vacated by a proceeding for that purpose. Section 4918 authorizes county commissioners to appropriate as a county road, any turnpike or plank road, or any part of such roads, that may remain unfinished for five years. Section 4915 provides that twelve freeholders, by petition to the probate court, may have a turnpike or plank road, or a part thereof declared abandoned. And sections 4916, 4918 and 4931 of the same chapter authorize and direct proceedings in reference to roads or parts thereof.
These numerous provisions in the same chapter applicable to roads or parts thereof, indicate that if it were intended that section 4925, while it provides for the improvement of a road, should apply to only a part thereof, such case, as in other cases, would be provided for, in terms.
Section 4927 leaves but little - doubt that the proceeding under section 4925 applies to the road, and not to a part of it only. This section provides: “ That the auditor of any county shall levy such tax on the land and property on the line of any such road, in any township, when petitioned for by three fourths of the resident freehold taxpayers on such *113 road, in such township only.” When it is proposed to improve under section 4925 the whole road, the petition for the improvement shall be signed by two thirds of the resident freehold taxpayers living on the road; but when the improvement is to be made under section 4927 the part of the road in one township only, the petition shall be signed by three fourths of such taxpayers. When the improvement is less than the whole road, and the expense of it may fall upon a small part of those who would be liable to improve the whole road, a greater share of those liable to be taxed shall petition. In other words, that an improvement shall not be authorized in an exceptional ease except upon such necessity for it as to move three fourths of those liable to pay for it, to sign the petition.
Section 4927 provides for the improvement of a part of a road, and in the absence of any other provision for such improvement, if a part only is to be improved the proceeding we think should conform to this section. The tax having been levied in conformity to the provisions of section 4925, was unauthorized and void.

Judgment reversed.